## Willey, Appellant, *v.* Browne.

*Promissory notes—Notes held as collateral—Actions.*

Where a creditor takes from a bankrupt composition notes under an agreement that if any note should be in default, all shall become due, and subsequently the creditor assigns his claim to a third person and takes in payment thereof the notes of the third person, and retains the composition notes as security for payment of the other notes, the creditor cannot proceed on the composition notes until after a default upon the other notes, and this is the case although there may have been a default on the composition notes.

Argued March 24, 1903. Appeal, No. 25, Jan. T., 1903, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1902, No. 2363, discharging rule for judgment for want of a sufficient affidavit of defense in case of Francis Willey, trading as Francis Willey & Company, v. William Browne. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on promissory notes.

From the record it appeared that suit was brought on four promissory notes dated November 9, 1901, payable at different times, given by defendant as composition notes in a proceeding

in bankruptcy. The notes were given under an agreement that if default should be made upon any one all the others should become due.

Defendant filed an affidavit of defense as follows:

The promissory notes upon which suit is brought were executed in pursuance of a composition in bankruptcy offered by the firms of William Browne & Sons and the Phœnix Mills Company, of which the defendant was a member. The said Francis Willey & Company, who were creditors of said bankrupts, opposed the said composition and upon its confirmation by the United States district court for the eastern district of Pennsylvania, appealed to the circuit court of appeals. The said Francis Willey & Company were represented in said proceedings in bankruptcy and in the appeal taken from the said confirmation by Messrs. Greenwald & Mayer, their counsel in the present proceedings.

After the taking of the said appeal a settlement was had with the said plaintiff, through his attorneys, Messrs. Greenwald & Mayer, who were duly authorized to act in the premises, whereby in consideration of the payment by one Charles F. Clarke of the sum of $8,500 in cash and the execution and delivery of five promissory notes executed by the said Charles F. Clarke and indorsed by the Schuylkill Worsted Mills Company, the said appeal was discontinued and the plaintiff assigned to the said Clarke all claims and demands which he had or might have against the estate of William Browne & Sons or the Phœnix Mills Company or any of the partners composing said firms, including the said promissory notes now in suit. It was further agreed that the said Greenwald & Mayer should retain all the composition notes given to the appellants in said proceedings, in order to secure the payment of the said notes given by said Clarke, but by a supplemental agreement it was expressly stipulated that the notes now in suit should be held only to secure the payment to said Greenwald & Mayer of the sum of $1,750, and that all other moneys received thereon should be the property of the said Charles F. Clarke.

The said settlement and supplemental agreement are evidenced by two writings, copies of which are hereto annexed and made part hereof.

Deponent avers that the said Charles F. Clarke by assign-

ment dated April 1, 1902, a copy of which is hereto annexed and made part hereof, assigned and transferred to this deponent all his, the said Clarke's interest, right and title in the said promissory notes upon which this suit is brought.

Deponent has been notified by Messrs. Greenwald and Mayer and believes and therefore avers that the said sum of $1,750, to secure the payment of which the said notes were held by them, is payable to them in their own right and for their own use, and that the said Francis Willey & Company have no interest therein and have no title to or interest in the said notes for which this suit is brought.

Deponent further avers that in addition to the sum of $1,415.44 which the said Greenwald & Mayer have already received by way of dividend on said notes out of the proceeds of certain property conveyed in trust to secure their payment, as set forth in the statement of claim, the said Greenwald & Mayer have received or are now entitled to receive a further dividend which will be sufficient to make up the sum of $1,750, for which said notes are held.

The agreements and assignments referred to in the affidavit of defense were as follows:

### "COPY OF AGREEMENT.

" This agreement entered into this Twenty-eighth day of September, A. D., 1901, between Charles F. Clarke of the one part, and Francis Willey & Company, Hecht Liebeman & Company, Bach Becher & Company, Mawson Brothers, and Brown & Adams, of the other part (said Francis Willey & Co., Hecht Liebeman & Co., Bach Becher & Co., Mawson Bros. and Brown & Adams, being Appellants in a certain appeal now pending and undetermined in the Circuit Court of Appeals for the Third Circuit, No. 16, September Term, 1901), Witnesseth:

" First. In consideration of the payment to Messrs. Greenwald & Mayer, attorneys for the said Appellants, of the sum of Eight thousand five hundred dollars, and of the execution and delivery of the notes hereinafter mentioned, the said Appeal shall be discontinued of record without costs to either party.

" Second. The notes hereinbefore mentioned are drawn by the

said Charles F. Clarke to the order of the Schuylkill Worsted Mills Company and indorsed by the said Company, in pursuance of a resolution of the directors thereof, duly passed and bear date September 26th, 1901. Said notes are for the following amounts and terms :

" One for $3,217.51 payable three months after date.

" One for $3,217.51 payable six months after date.

" One for $1,066.44 payable four months after date.

" One for $1,079.44 payable four months after date.

" One for $2,748.00 payable three months after date.

" Third. The said parties of the second part in consideration of the premises hereby assign unto the said Clarke all claims and demands which they, or any of them have, or may have, against the bankrupt estate of William Browne & Sons and The Phœnix Mills Company, or against any of the partners composing said William Browne & Sons and The Phœnix Mills Company.

" Fourth. As collateral security for the payment of the notes above mentioned, Messrs. Greenwald & Mayer shall be entitled to receive and retain the several composition notes offered by William Browne to the said parties of the second part, and upon the payment of all the notes mentioned in the second clause, all of the said composition notes shall be delivered to said Clarke.

" Fifth. If default shall be made in the payment of any of the notes executed by Clarke, the said composition notes shall be retained until the parties of the second part shall have received thirty-three and one-third per cent. of their respective claims except Francis Willey & Co., who are entitled to receive two thousand dollars ($2,000) cash over and above the said thirty-three and one-third per cent.

"Sixth. As further collateral security for the payment of said notes, the said Clarke agrees upon the issue of certain bonds of the Schuylkill Worsted Mills Company, to which he is entitled for services rendered to deliver to said Greenwald & Mayer, as trustees for the parties, bonds covering twenty-five per cent. of the claims of the parties mentioned as Appellants in the suit now pending, which bonds shall be returned to said Clarke upon the payment of the notes given by him."

"COPY OF SUPPLEMENTAL AGREEMENT.

"Whereas a certain agreement was entered into on the 28th day of September, 1901, wherein Charles F. Clarke, Francis Willey & Co., Hecht, Liebeman & Co., Bach Becher & Co., Mawson Bros., and Brown & Adams are parties; and it is therein agreed by Paragraph Four (4) in said agreement, as follows: 'As collateral security for the payment of the notes above mentioned, Messrs. Greenwald & Mayer shall be entitled to receive and retain the several composition notes offered by William Browne to the said parties of the second part, and upon the payment of all the notes mentioned in the second clause, all of the said composition notes shall be delivered to said Clarke.'

"It is further agreed, that of the composition notes given by the said William Browne, there shall be retained by Greenwald & Mayer from the proceeds of such composition notes to which Francis Willey & Co. are entitled, the sum of Seventeen hundred and fifty dollars ($1,750), and when such sum is paid any other moneys realized upon said notes shall be paid to said Clarke.

"When the notes given by said Clarke to the order of the Schuylkill Worsted Mills Company shall have been entirely paid, all other composition notes given by William Browne shall be surrendered unto said Clarke."

"COPY OF ASSIGNMENT.

"For value received I hereby assign and transfer unto William Browne all my right, title and interest in four certain promissory notes drawn by the said William Browne to the order of Francis Willey & Company, dated November 9, 1901, one of them for $2,058.81, payable four months after date; another of them for $2,573.51, payable eight months after date; one of them for $2,573.51, payable twelve months after date; one of them for $1,372.53, payable sixteen months after date; which said notes have been assigned and transferred to me by the said Francis Willey & Company, under an agreement entered into with them dated September 28, 1901, and are now held to secure the payment to Messrs. Greenwald & Mayer of the sum of $1,750, as provided in a certain supplemental agreement entered into on October 1, 1901.

" Witness my hand and seal this first day of April, A. D., 1902.

                    " CHARLES F. CLARKE."        (Seal)

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Clinton O. Mayer*, of *Greenwald & Mayer*, for appellant.

*Edward P. Bliss*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 25, 1903 :

The notes in suit were given by defendant to plaintiff as composition notes in a proceeding in bankruptcy, and the affidavits of defense aver that the notes were assigned by plaintiff to one Clarke, and by Clarke to defendant, with a saving of the right of Greenwald & Mayer to hold them as collateral security for the sum of $1,750 due to them individually. The affidavits further aver that Greenwald & Mayer have already received from dividends in the bankruptcy proceeding, paid or now payable, full satisfaction of their claim. If the facts be so as we must assume on the rule for judgment, there is nothing due to plaintiff for which judgment can now be entered.

Whether plaintiff can recover on a trial will involve other considerations. The agreement between plaintiff and Clarke provides for the giving of certain notes by Clarke, in part payment for the assignment to him of the notes in suit, but also provides that the notes in suit shall be held by Greenwald & Mayer, attorneys for plaintiff, as collateral security for Clarke's notes, to be delivered to Clarke on payment of all his own notes. By the supplemental agreement between the same parties two days later, it was further agreed that out of the proceeds of the composition notes (in suit) to which plaintiff would be entitled, there should be retained by Greenwald & Mayer $1,750, and " when such sum is paid any other moneys realized upon said notes shall be paid to said Clarke." This is the real point of controversy in the present case. The defendant claims that this provision is a substitute for the clause as to the collateral in the original agreement, and under it the right to hold the

notes in suit is only to secure the money due Greenwald & Mayer, which defendant claims has already been paid. Plaintiff on the other hand claims that the only effect of the supplemental agreement is to entitle Greenwald & Mayer to the first payment out of the moneys realized on the composition notes, without disturbing the right to hold the rest of the notes as security for the payment of Clarke's notes. On the face of the writings the latter would seem to be the correct construction. Plaintiff under the composition received the notes of defendant. These he sold to Clarke, taking in payment, inter alia, Clarke's notes, but under the agreement continuing to hold defendant's notes as collateral security for Clarke's, with a stipulation that if default should be made on any of Clarke's notes, " the composition notes shall be retained until the parties of the second part " (among whom was the plaintiff) shall have received a stipulated percentage of their claims. By the supplemental agreement, a preference in payment was given to the claim of Greenwald & Mayer, and when that was paid the subsequent moneys were to go to Clarke. Under the original agreement Clarke's right to receive the money on the composition notes as it was paid might have been open to question, but under the supplemental agreement it was made clear. But at the same time there is no evidence of intent on the part of plaintiff to release his hold on the composition notes as security for the payment of Clarke's and the provision for default on the latter, already quoted, is clear to the contrary. The effect of the two instruments together, is that Greenwald & Mayer, as attorneys for plaintiff, were to hold defendant's notes as security for Clarke's, and out of the first moneys received (whether as proceeds of these notes, or of Clarke's, or in some other manner from the bankrupt estate is not clear) were to pay their own claim of $1,750, then to pay over proceeds to Clarke, so long as he was not in default on any of his own notes ; if he became in default then to pay plaintiff and the other parties of the second part up to the stipulated percentage; and finally, when Clarke's notes were all paid, to deliver up to him the collateral. While the meaning is not free from obscurity, this construction seems to be indicated on the face of the papers, though at the trial it may be changed by evidence of a different one by the parties at the time or subsequently.

Plaintiff however was not entitled to judgment. The notes sued on were not his property but Clarke's, and his title to them was only to hold as collateral security for the payment of Clarke's notes. The latter under the agreement were the principal debt and so long as there was no default on that there was no right of plaintiff to 'proceed on the collateral. The composition between defendant and his creditors provided that if default was made on any of the composition notes, all of them should become due, and plaintiff declared on this basis. But that was not sufficient. Clarke might have done so as the owner of the notes but plaintiff lost his right to do so when he parted with his ownership and agreed to take Clarke's notes as the principal debt. Thereafter he could not proceed on the defendant's notes until a default occurred on Clarke's, and while it is said in argument that there was such default, yet it is not averred in the statement nor does it appear anywhere of record, and under the agreements set forth in the affidavits of defense, it was a condition precedent to plaintiff's right of action against defendant.

Judgment affirmed.